Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 5576 | **DATE** | 4/18/2002 |
| **CASE TITLE** | Franklin vs. Ingalls Memorial Hospital | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** Defendant's motion (Docs 7-1 & 9-1) for summary judgment is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | APR 19 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 11 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | |
| | | | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
APR 1 9 2002

VALORIE FRANKLIN, )
)
Plaintiff, )
)
vs. ) 01 C 5576
)
INGALLS MEMORIAL HOSPITAL, )
)
Defendant. )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter is before the Court on Defendant Ingalls Memorial Hospital's ("Ingalls") motion for summary judgment. For the reasons set forth below, the motion is granted.

### BACKGROUND[1]

Plaintiff Valorie Franklin ("Franklin") is a registered nurse who has worked for a variety of medical facilities, including Prairie Manor, St. Mary's Hospital, Provident Hospital of Cook County, the University of Chicago Hospital, St. Margaret Hospital, Rush-McNeal, and Roseland Community Hospital. She also obtains employment

---

[1] Franklin did not respond to either Ingalls' motion or its 56.1 statement of facts. By operation of Local Rule 56.1(b)(3)(B), Franklin is deemed to have admitted all facts set forth in Ingalls' 56.1 statement.

through a nursing agency called Fozzard, which assigned her as a temporary nurse to Ingalls. In August 2000, Franklin applied for a part-time employment position at Ingalls. At the time she applied, Franklin was working as a nurse at the University of Chicago Hospital and continued her employment through Fozzard and Provident Hospital on an as-needed basis.

The hiring process included an interview, during which Franklin discussed many of her prior and contemporaneous nursing experiences with Ingalls representatives. After the interview, Franklin was offered a nursing position contingent on passing a physical examination. Because Ingalls does not require temporary nurses to undergo physical exams prior to employment, Franklin had not previously supplied Ingalls with specific medical information. During the exam, Franklin revealed that she had eczema. She also stated that she experienced increased flare-ups of her eczema when she used latex gloves but that she did not have the same reaction to gloves that did not contain latex. However, Franklin stated that she did not have an allergy to latex.

At the time Franklin applied for the position, Ingalls had a policy of not hiring anyone with latex sensitivities or allergies because its financial situation does not allow it to purchase nonlatex gloves in addition to the latex ones it does supply. Telling Franklin that she could not be hired because she had a latex allergy, Ingalls withdrew its offer of employment.

Franklin filed a complaint against Ingalls for disability discrimination in employment pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-213. She alleged that Ingalls withdrew its offer because of a perceived disability, namely a latex allergy that she does not have. Ingalls now moves for summary judgment.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in a light favorable to the non-moving party, shows that no genuine issues of material fact exist and that the movant is, as a matter of law, entitled to judgment. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of showing that no genuine material facts exist. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Once the moving party has met its burden, the burden shifts to the nonmoving party to show through specific evidence that a triable issue of fact remains on issues on which the nonmovant bears the initial burden of proof at trial. Id. The nonmoving party may not merely rest on the allegations in the pleadings or conclusory statements in the affidavits, but instead must support its contentions with proper documentary evidence. Id. Further, a genuine issue in the context of a summary judgment must prove more than a "metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 106 S. Ct. 1348, 1356 (1986). A genuine issue of facts exists when a reasonable jury could find for the non-moving party based upon the evidence

presented. Anderson v. Liberty Lobby, 106 S. Ct. 2505, 2510 (1986); Insolia v. Philip Morris, Inc., 216 F.3d 596, 599 (7th Cir. 2000). It is with these principles in mind that we address Ingalls's motion.

## DISCUSSION

The Americans with Disabilities Act ("ADA") prohibits employers from discriminating against persons with disabilities in connection with employment activities such as application, hiring, or advancement. 42 U.S.C. § 12112(a). To allege a prima facie case of employment discrimination under the ADA, a plaintiff must show that "(1) he is disabled within the meaning of the ADA, (2) he is qualified to perform the essential functions of his job either with or without reasonable accommodation, and (3) he suffered from an adverse employment decision because of his disability." Pugh v. City of Attica, 259 F.3d 619, 626 (7th Cir. 2001).

The first element does not require a plaintiff to actually be disabled; it is enough that he or she shows the employer regarded him or her as having an impairment that substantially limits a major life activity. 42 U.S.C. § 12102(2)(C); Pugh, 259 F.3d at 626. Major life activities are those that have significance to the general population, not just those that are significant to the plaintiff. Sinkler v. Midwest Property Mgmt Ltd. Partnership, 209 F.3d 678, 684 (7th Cir. 2000) If the life activity identified is that of working, plaintiffs bear the burden of proving that they are precluded from employment in a broad class of jobs, not just a specific job with a specific employer. Sutton v.

United Airlines, 119 S.Ct. 2139, 2151 (1999); Mattice v. Memorial Hospital of South Bend, Inc., 249 F.3d 682, 685 (7th Cir. 2001); Moore v. J.B. Hunt Transport, Inc., 221 F.3d 944, 954 (7th Cir. 2000); Sinkler, 209 F.3d at 685, 686. A distinction made by a single employer also cannot be imputed to all employers, thus creating a substantial limitation in the major life activity of working. Sutton, 119 S.Ct. at 2152.

In this case, Franklin has not successfully carried her burden of showing that she is disabled within the meaning of the ADA, and her prima facie case is doomed from the outset. She contends that Ingalls thought her substantially impaired in the major life activity of working because they perceived her to have a latex allergy rather than a latex sensitivity. This distinction seems more semantics than anything else, but even assuming that the difference between a latex allergy and a latex sensitivity is significant for our purposes, the record gives no indication that Franklin could not work as a nurse, only that she could not work as a nurse at Ingalls. Rather, it is replete with evidence that Franklin worked for other hospitals as a nurse at the time Ingalls revoked its offer and since. It is also clear from the record that Ingalls knew of Franklin's other employment at the time of the revocation. Ingalls thus could not have perceived that Ingalls was substantially limited in performing a nurse's duties. It is crucial to Franklin's case that she be able to show that Ingalls entertained misperceptions of her and her abilities. Id. at 2149-50. The record clearly demonstrates that Ingalls had no such illusions. Instead, they knew exactly what Franklin's capabilities were and how

they fit in to the particular economic realities and consequent working conditions at their hospital. Franklin therefore cannot show that Ingalls regarded her as having an impairment that substantially limited her from working as a nurse.

Moreover, an employer does not necessarily run afoul of the ADA by making an employment decision that takes an applicant's medical condition into account. Christian v. St. Anthony Medical Center, Inc., 117 F.3d 1051, 1053 (7th Cir. 1997). The presence of a medical condition that prevents a potential employee from performing a specific job is a legitimate reason to deny an application. Sutton, 119 S.Ct. at 2150; Moore, 221 F.3d at 954-55. In addition, an employer is sometimes justified in applying added scrutiny to a particular applicant's circumstances in light of the specific duties of the job in question. Mattice, 249 F.3d at 686. There is no dispute that Franklin has a medical condition–eczema that is exacerbated by exposure to latex gloves. It is similarly undisputed that Ingalls requires its staff to wear latex products when rendering medical services. Ingalls' decision not to employ persons who cannot wear protective latex equipment is reasonably necessary in this situation, given the need for staff to wear protective equipment both for their safety and that of their patients. The law does not allow employers to penalize potential employees because of irrational fears or stereotypes about a particular affliction, but the existence of specific concerns about the implications of an illness, such as the increased expense involved in supplying nonlatex materials, belie assertions that Ingalls' actions have an

impermissible foundation. See Moore, 221 F.3d at 954. Because Franklin cannot show that she is disabled for ADA purposes, Ingalls is entitled to judgment as a matter of law.

## CONCLUSION

For the foregoing reasons, Ingalls' motion for summary judgment is granted..

                                    */s/ Charles P. Kocoras*
                                  Charles P. Kocoras
                                  United States District Judge

Dated:    April 18, 2002